### ROSEN v. M. PHILIPSBORN CO.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. FRAUDS, STATUTE OF (§ 44*)—CONTRACTS OF EMPLOYMENT—VALIDITY.

    An oral contract of employment for three years is within the statute of frauds and void.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 66; Dec. Dig. § 44.*]

2. REFORMATION OF INSTRUMENTS (§ 7*)—INSTRUMENTS WHICH MAY BE REFORMED.

    A written instrument, which is void for lack of consideration because unilateral, cannot be reformed so as to evidence a verbal contract void under the statute of frauds.

    [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 20; Dec. Dig. § 7.*]

Appeal from Special Term, New York County.

Action by Leopold Rosen against the M. Philipsborn Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Jacob H. Corn, for appellant.

Max D. Steuer, for respondent.

SCOTT, J. This is an appeal by defendant from an interlocutory judgment overruling its demurrer to the complaint. The complaint sets forth a verbal agreement between plaintiff and defendant, whereby defendant employed plaintiff, and plaintiff agreed to serve defendant for a period of three years at stated compensation, and that it was agreed that a contract embodying the terms should be prepared by defendant and executed by plaintiff and defendant. That thereafter, and in pursuance of said oral agreement, an agreement in writing, intended by the parties to embody the terms of the oral agreement, was prepared by the defendant. Then follows a written paper, which appears to be signed by defendant, but not by plaintiff. It is then alleged that it was understood by the defendant and the plaintiff that the agreement as drawn embodied the terms of the prior, oral agreement, and it was the result of a mutual mistake that it failed to do so.

The oral agreement contravened the statute of frauds and was wholly void. The written paper never became a contract because it was never signed by both parties, and if it had been signed, would have been void for lack of consideration, being unilateral. There is therefore nothing to reform, and the action in effect amounts to one to compel defendant to make a valid written contract in furtherance of a void oral one.

The judgment appealed from must be reversed, and the demurrer sustained, with costs in this court and the court below, with leave to plaintiff to amend within 20 days upon payment of such costs. All concur.